IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY S. CATO,

      Plaintiff,                      No. CIV S- 01-0524 MCE GGH P

    vs.

DEPUTIES LANCASTER, et al.,

      Defendants.                AMENDED ORDER

          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. On December 21, 2005, this court issued an order allowing plaintiff's November 28, 2005 filing, setting forth plaintiff's witnesses and exhibits, filed pursuant to the court's November 4, 2005 pretrial order, to be deemed a supplement to the pretrial order. In light of objections, filed by defendants on December 15, 2005, the court amends the December 21, 2005 order to conform and limit the personnel file documents of all defendants that plaintiff may seek to introduce at trial to those documents that this court has previously ordered defendants to produce to plaintiff subject to a protective order, filed on October 12, 2004, after in camera review. See docket entry nos. 132 and 133. It appears that with respect to three of the defendants, plaintiff has sought

introduction of personnel file documents to which he was not granted access.[1]

As such, with respect to defendant Burdette, plaintiff may seek to introduce only those documents from the Burdette personnel file paginated as follows: Burdette 000060; Burdette 000061; Burdette 000064.

As to defendant Oliver, he may seek to introduce only those documents in the Oliver personnel file paginated as follows: Oliver 000019;  Oliver 000020; Oliver 000021; Oliver 000035; Oliver 000047 through Oliver 000052 (including all pages in between); Oliver 000054.

As to defendant Iwakiri, he may seek to introduce at trial only those documents from the Iwakiri personnel file paginated as follows: Iwakiri 000030; Iwakiri 000052 through 000058 (including all pages in between); Iwakiri 000063 through Iwakiri 000069 (including all pages in between); Iwakiri 000077.

As to the internal affairs investigations of any defendants, plaintiff is also limited to the production previously ordered subject to the protective order, as set forth above.

With respect to defendants' objections to the admissibility of defendants' personnel documents or internal investigation reports produced subject to a protective order to maintain confidentiality, while defendants must provide to plaintiff at trial the documents identified by plaintiff that the court ordered produced by order filed on October 12, 2005 (docket entry # 133) subject to the October 12, 2004 protective order (docket entry # 132), defendants may raise any objections as to the admissibility of said documents before the trial judge, and may seek other and further protection.

As to defendants' remaining objections, it is plaintiff's responsibility to produce any other exhibits he identifies and defendants must produce only those documents appropriately

---

[1] As to the remaining defendants, plaintiff appears to have correctly limited the personnel file documents to comport with the court's orders of October 12, 2005.

1  identified by plaintiff from the defendants' personnel files, as modified and set forth above, and
2  are not required to produce any further documentation to serve as plaintiff's exhibits; discovery
3  has long been closed.   Any further objections defendants have to plaintiff's exhibits should be
4  filed in accordance with the procedure set forth in the November 4, 2005 pretrial order.
5           As amended by this order, the order filed on December 21, 2005 remains in effect.
6           IT IS SO ORDERED.
7  DATED: 12/23/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cato0524.amsup